### APPEAL OF WARREN E. BROWN.

Docket No. 2975.   Submitted November 11, 1925.   Decided April 22, 1926.

Profit on sale of an undivided interest in a partnership for shares of stock in a corporation determined.

*H. W. Washington, Esq.*, for the taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

The Commissioner has determined a deficiency in income tax for the calendar year 1919 in the amount of $25,037.67. So much of the deficiency as is in dispute arises from the computation of the gain derived by petitioner from the sale of his undivided interest in a partnership for stock of a corporation.

### FINDINGS OF FACT.

The petitioner was a member of the copartnership of Brown-Crummer Co. from January, 1919, to May 15, 1919, and thereafter was president of the Brown-Crummer Co., a corporation.

On or about the first of January, 1919, petitioner purchased from D. E. Dunne a one-half interest in the going business and good will of D. E. Dunne & Co., a copartnership, for $50,000 in cash. Immediately after this purchase, petitioner paid in to the Brown-Crummer Co., a new copartnership, the sum of $100,000 in cash and transferred to this new partnership, without consideration, the one-half interest in the going business and good will of D. E. Dunne & Co., which he had previously purchased from Dunne for $50,000. The new partnership consisted of petitioner and Roy E. Crummer, each owning a one-half interest, the cost to petitioner of his one-half interest in the Brown-Crummer Co., a copartnership, being $150,000.

Shortly after the organization of the partnership of Brown-Crummer Co., a 1⅔ per cent interest in the partnership was sold by petitioner, thus reducing his interest to 48⅓ per cent.

The Brown-Crummer Co., a copartnership, continued in business from January, 1919, to May 15, 1919, during which time the partnership earned the sum of $6,111.43. On the 16th day of May, 1919, the partners of the Brown-Crummer Co., a copartnership, exchanged their undivided interests in the copartnership for capital stock of the Brown-Crummer Co., a corporation, having a fair market value of $314,629.89. Immediately after the transfer of the assets of the partnership to the corporation, the partners held the entire outstanding stock of the corporation in the same proportion as their interests in the partnership before the transfer.

### OPINION.

ARUNDELL: The profit realized on the transaction whereby petitioner transferred his undivided interest in the copartnership to the Brown-Crummer Co., a corporation of the same name, is taxable under the provisions of section 202 (b) of the Revenue Act of 1918. We have found that the cost of petitioner's one-half interest was

$150,000, from which should be deducted the $1\frac{2}{3}$ per cent interest in the partnership disposed of by him, and to the remaining sum there should be added his distributive share in the partnership profits for the period ended May 15, 1919; the resulting amount will be the basis for computing profit.

Upon liquidation of the partnership of Brown-Crummer Co. on May 15, 1919, petitioner's share of the partnership profits, which amounted to $6,111.43, was taxable to him under the provisions of section 218 (a) of the Revenue Act of 1918.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*